**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KENDRICKS D. BAILEY,

    Plaintiff,

vs.                                              Case No. 3:20-cv-1259-J-34JRK

STAMCO SHIP MANAGEMENT CO., LTD.,
RAY CAR CARRIERS LTD., NYK LINE\NORTH
AMERICA\INC., and NYK GROUP AMERICAS
INC., foreign corporations, owners, managers,
operators and charterers of M/V GRACEFUL
LEADER,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or

1

(3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On November 5, 2020, Defendants Stamco Ship Management Co., Ltd. (Stamco) and Ray Car Carriers Ltd. (Ray Car) filed a notice of removal asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Defendants Stamco Ship Management Co., Ltd. and Ray Car Carriers Ltd.'s Notice of Removal of Action (Doc. 1; Notice) ¶ 17. These Defendants assert that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. In the Notice, Stamco and Ray Car assert that Plaintiff Kendricks D. Bailey is "a resident of the State of Florida." Id. ¶ 2. With regard to the Defendants to this action, Stamco and Ray Car properly allege their own citizenship, id. ¶¶ 3-4, but do not provide any information as to the citizenship of Defendants NYK Line\North America\Inc. (NYK Line) and NYK Group Americas Inc. (NYK Group) (collectively, the NYK Defendants). Defendants also assert that "[i]t is clear from the face of Plaintiff's complaint that he is seeking damages in excess of $75,000.00." Id. ¶ 12. Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Defendants have inadequately pled the citizenship of Plaintiff and the NYK Defendants, and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the

person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").  Because the Notice and Complaint merely identify Bailey's residence, the Court is unable to determine Bailey's citizenship for purposes of diversity jurisdiction.

In addition, Stamco and Ray Car do not identify the citizenship of their co-Defendants NYK Line and NYK Group.  Upon review of the filings, it appears that Bailey has not yet effected service of process on the NYK Defendants.[1]  See Notice ¶ 8.  Nonetheless,

> [a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

---

[1] The Court notes that the Notice does not disclose whether the NYK Defendants join in or consent to the removal of this action.  See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court.").  However, because the NYK Defendants have not been served, Stamco and Ray Car may properly remove this action without the NYK Defendants' consent.  See White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004) (noting that there is an exception to the unanimity requirement where a non-consenting defendant has not yet been served with process).

3

See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883-84 (5th Cir. 1998) (collecting cases); see also Roberts v Clifford, No. 20-80771-CIV-ALTMAN/Brannon, 2020 WL 4350727, at *1-23 (S.D. Fla. July 29, 2020); Braude v. Emory/Saint Joseph's, Inc., No. 1:16-CV-3839-MHC, 2016 WL 9454436, at *2 (N.D. Ga. Dec. 5, 2016).  Thus, for this Court to have diversity jurisdiction over this case, the NYK Defendants' citizenship must also be diverse from that of Bailey.  As such, in the absence of any allegations as to the citizenship of the NYK Defendants, Stamco and Ray Car have not alleged the facts necessary to establish that the parties to this action are completely diverse.

Last, where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists."  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554.  If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met.  Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014).  Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  See Williams, 269 F.3d at 1320.  Indeed, the Court may not speculate or guess as to the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support

them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[2]

Here, Stamco and Ray Car fail to present a "plausible allegation" of the amount in controversy. Indeed, the entirety of their allegations about the amount in controversy are as follows:

> 11. Plaintiff alleges in his Complaint . . . that he is seeking damages which exceed $30,000.00. (See Exhibit A, Complaint, Paragraph 1). Plaintiff further alleges that he was 'seriously injured' by the acts of defendants and that defendants' acts left Plaintiff with permeant [sic] hearing loss. (See Exhibit A, Complaint, Paragraph 13). Plaintiff alleges that he has incurred and will continue to incur expenses for medical care, loss of income, loss of capacity to enjoy life, and pain and suffering. (See Exhibit A, Complaint, Paragraph 13).
> 12. It is clear from the face of Plaintiff's complaint that he is seeking damages in excess of $75,000.00. Thus, the jurisdictional amount in controversy requirement is satisfied.

Notice ¶¶ 11-12. These general statements are precisely the type of conclusory allegations, devoid of any underlying factual support, that the Eleventh Circuit has held are "insufficient to meet the defendant's burden" of establishing the amount in controversy. See Williams, 269 F.3d at 1320. Notably, the only specific fact offered to support the amount in

---

[2] The Court notes that Dart, Dudley, and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

5

controversy—that Plaintiff suffered permanent "hearing loss"—is not actually asserted in paragraph 13 of the Complaint, contrary to Defendants' citation. See Complaint (Doc. 3) ¶ 13.

Moreover, the Court cannot discern from the generic, vague and categorical allegations in the Complaint whether the incident giving rise to this lawsuit resulted in damages exceeding $75,000. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the severity of Bailey's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Bailey's vague allegations of damages, and in the absence of any information regarding the severity of Bailey's injuries, or the cost of his subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here.

Without additional information regarding the citizenship of the parties and the amount in controversy, the allegations presently before the Court are insufficient to invoke the Court's diversity jurisdiction over this action.[3] Accordingly, it is

---

[3] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the

**ORDERED**:

Defendants Stamco and Ray Car shall have up to and including **November 27, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on November 12, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

7